UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

_____

SCOTT MALCOLM and TIM MCGOUGH, as Trustees of
the Carpenters & Joiners Welfare Fund, Twin City
Carpenters Pension Master Trust Fund, Carpenters
and Joiners Apprenticeship and Journeymen Training
Trust Fund, and Twin City Carpenters Vacation Fund;
and each of their successors,

      Plaintiffs,

vs.

LINCOLN DRYWALL, INC. and
KEVIN DVORAK, individually,

      Defendants.

_____

Civil File No. 05-2491 RHK/AJB

**FINDINGS OF FACT,
CONCLUSIONS OF LAW, AND
ORDER FOR ENTRY OF DEFAULT**

This matter was heard before the undersigned on the 17th day of January, 2006. Sean O. Skrypek of McGrann Shea Anderson Carnival Straughn & Lamb, Chartered, appeared for and on behalf of the Plaintiffs. There was no appearance on behalf of the Defendants.

## **FINDINGS OF FACT**

1. Plaintiffs filed a Summons and Complaint in this matter on October 26, 2005. Defendants were served with the Summons and Complaint in this matter on October 31, 2005.

2. Defendants have failed to file and serve a response or Answer to the Summons and Complaint.

3. Plaintiffs are trustees and fiduciaries of the above-referenced funds (the "Funds"). The Funds are multi-employer plans as defined by 29 U.S.C. ' 1002(37).

They are established to provide, *inter-alia*, pension, health and welfare vacation benefits and training to employees doing carpentry work in the construction trades, and are maintained for the benefit of workers pursuant to a Collective Bargaining Agreement. All contributions must be made and all reports must be submitted to Wilson-McShane Corporation, 3001 Metro Drive, Suite 500, Bloomington, Minnesota 55425, as the administrative agent designated by the Trustees.

4. Defendants were bound to by a certain Collective Bargaining Agreement between the Lakes and Plains Regional Council of Carpenters and Joiners and the Carpentry Contractors Association and the Minnesota Drywall and Plaster Association.

5. The Collective Bargaining Agreement obligates Defendants, as an employer, to compute the contribution for each employee, submit that information on a report form, and pay those contributions to the Funds' Agent on or before the 15th day of the month following the month for which the contribution is being made.

6. The Collective Bargaining Agreement and Trust Agreements provide that an employer is liable for an additional 10% of all contributions, which are not timely submitted, for liquidated damages, and also provides that Plaintiffs are entitled to their attorney fees and costs.

7. Defendants have failed to submit the fringe fund reports and contributions for the month of September, November, and December, 2005.

8. Defendants submitted the fringe fund reports and contributions on time for the month of October, 2005.

9.      Plaintiffs reasonably believe that Defendants employed individuals during these months. Furthermore, Defendants are obligated to remit the reports, indicating, if appropriate, that no hours were worked.

## **CONCLUSIONS OF LAW**

1.      Defendants are in default, and Plaintiffs are entitled to Entry of Default.

2.      Defendants are obligated to pay to the Funds all fringe benefit contributions, liquidated damages, and attorney fees and costs incurred in collecting the delinquency.

3.      Defendant is required to submit the September, November, and December, 2005 fringe fund reports and payment for the contributions due per those reports.

## **ORDER**

**IT IS ORDERED** that:

1.      Plaintiffs' Motion for Entry of Default is granted.

2.      Defendants file the reports for the months of September, November, and December, 2005, if they have not already been submitted, at the offices of Wilson-McShane Corporation, 3001 Metro Drive, Suite 500, Bloomington, Minnesota 55425, correctly identifying hours worked pursuant to the Collective Bargaining Agreement within ten days of service of this Order upon them.

3.      Defendants pay to the Plaintiffs the fringe benefit contributions of all of the hours reported pursuant to the Court's Order, plus liquidated damages in the amount of 10% of the delinquent contributions for the months of September, November, and December, 2005.

4.	Upon the filing of the outstanding reports for the months of September, November, and December, 2005 by Defendants with Plaintiffs pursuant to this Order, if Defendants fail to make payments required by this Order, the Plaintiffs may move the Court for entry of a money judgment in the amount of unpaid contributions, liquidated damages, and reasonable attorney fees and costs, as shown by Affidavit filed with the Court, and the Court shall enter judgment ten days after service of the motion and affidavit on Defendants.

Dated: January 17, 2005				s/Richard H. Kyle
						RICHARD H. KYLE
						United States District Judge